UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PROGRESSIVE NORTHEASTERN
INSURANCE COMPANY a/s/o
JAMES BEDFORD,

                Plaintiffs,

  -against-                                      1:08-CV-345
                                                            (LEK)

UNITED STATES POSTAL SERVICE and
RUTH LaBARGE,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

Presently before the Court is a Motion to dismiss, filed on July 18, 2008 by Defendant. Dkt. No. 3. For the reasons described below, the Motion to dismiss is granted.

**I.    Background**

**A.    Facts**

On April 11, 2006, Carol Bedford, the wife of James Bedford ("the insured"),[1] was driving the insured's 2000 Dodge Intrepid[2] west on Hudson Street in Albany, New York. Complaint at 2 (Dkt. No. 1, Attach. 2). At the intersection of Quail and Hudson streets, Mrs. Bedford failed to stop at the stop sign located on her side of the intersection. Id. at 2-3. As a result, a 1990 Toyota traveling south on Quail street, driven by William Delamater, collided with the right side of the

---

[1] On April 11, 2006 and at all times hereinafter mentioned, James Bedford was insured by Plaintiff, Progressive Northeastern Insurance Company.

[2] Although not the Progressive policy holder, Carol Bedford was an authorized driver of the insured's vehicle. Complaint at 2 (Dkt. No. 1, Attach. 2).

insured's vehicle.  Id.  The collision totaled the Toyota and caused Mr. Delamater to suffer head injuries.  Id. at. 3.  The collision also caused $3,456.99 in damages to the insured's vehicle, which is the basis of this action.  Id.  Plaintiff, Progressive Northeastern Insurance Company ("Plaintiff" or "Progressive"), paid this amount to the insured.  Id.

At the time of the collision, United States Postal Service ("USPS" or "Postal Service") mail truck # 1520997 was parked on Hudson Street near the corner of Quail Street.  Id. at 2.  Plaintiff alleges that the mail truck was parked in front of, and completely obstructed from view, the stop sign at which Mrs. Bedford failed to stop.  Id.  At the time, Ruth LaBarge was the operator of mail truck  #1520997 and she was acting in her capacity as a Postal Service employee.  Id.; Affidavit of U.S. Attorney at 1 (Dkt. No. 3, Attach. 3).

**B.     Procedural History**

Plaintiff commenced this action against the USPS and Ruth LaBarge on February 15, 2008 in the New York State Supreme Court, Albany County.  Summons at 1 (Dkt. No. 1, Attach. 2).  The United States Attorney filed a Notice of Removal on March 26, 2008, pursuant to 28 U.S.C. § 1441(a), § 1442(a)(1), § 1446(a), and § 1346(b)(1).  See Notice of Removal at 1(Dkt. No.1).

Plaintiff seeks reimbursement from Defendant United States[3] for the money paid to the insured for the damages sustained as a result of the April 11, 2006 accident, plus interest.  Complaint at 3-4 (Dkt No. 1, Attach. 2).  Plaintiff claims that the USPS's negligence was the sole proximate cause of the accident.  Id. at 3.  More specifically, Plaintiff asserts that Ruth LaBarge, acting as an agent of the Postal Service, was negligent because she 1) "illegally park[ed] postal mail truck # 1520997 on Hudson Street," 2) "carelessly block[ed] the stop sign at the intersection of

---

[3]As will be discussed herein, the United States is the proper Defendant in this action.

2

Hudson and Quail streets" from the view of drivers, and 3) "fail[ed] to be alert to traffic conditions." Id.

On July 18, 2008, Defendant moved to dismiss the action in accordance with Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. First, Defendant argues that Plaintiff improperly named the Postal Service and Ruth LaBarge as defendants because the United States is the only proper defendant under the Federal Tort Claims Act ("FTCA") in actions "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); Def's Mem. at 1-2 (Dkt. No. 3, Attach. 2). Next, Defendant argues that the present cause of action was untimely under the FTCA because a plaintiff must commence his or her lawsuit against the United States in a United States District Court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); Def's Mem. at 2 (Dkt. No. 3, Attach. 2). Plaintiff has filed no opposition to Defendant's Motion.

**II.     Discussion**

A federal court's subject matter jurisdiction in each case is of primary importance since "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must grant a motion to dismiss when that court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "'The party invoking federal jurisdiction bears the burden of establishing' that jurisdiction exists." Sharkey v. Quarantillo, 541 F.3d 75, 82-83 (2d Cir. 2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). In reviewing a motion to

3

dismiss for lack of subject matter jurisdiction, the court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Sharkey, 541 F.3d at 83; see Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); Hunt v. U.S., 2007 WL 2406912, *1 (N.D.N.Y. 2007).

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party. See Cooper v. Pate, 378 U.S. 546, 546 (1964); Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 107 (2d Cir. 2008); Tartaglia v. Carlsen, 2008 WL 4000407, *4 (N.D.N.Y. 2008). Accordingly, a complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim. See Bell Atlantic Corp. v. Twombly, __ U.S. __,127 S.Ct. 1955, 1964–69, 1974 (2007); see also Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) ("In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is plausible on its face'") (quoting Twombly, __ U.S. at __, 127 S. Ct. at 1974). "While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'" In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (quoting Twombly, 127 S.Ct. at 1974).

Under Local Rule 7.1(b)(3) of the Local Rules of Practice for the Northern District of New York, "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's

failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3). Here, Plaintiff has failed to oppose the Defendant's properly filed motion requesting dismissal of Plaintiff's claims against the USPS and Ruth LaBarge. Therefore, the only remaining issue is whether Defendant, through its motion to dismiss, has met the burden "to demonstrate entitlement to the relief requested." N.D.N.Y. L.R. 7.1(b)(3). This burden requires simply that Defendant motion to dismiss be "facially meritorious." See, e.g., Hernandez v. Nash, 2003 WL 22143709, at *2 (N.D.N.Y. 2003); Burns v. Trombly, 2008 WL 2003804, at *7 (N.D.N.Y. 2008).

### A.     United States as the Proper Defendant under the FTCA

The FTCA states that the sole remedy for property damage "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" is a lawsuit against the United States government. 28 U.S.C. § 2679(b)(1); see also Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) ("[A] claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of [her] employment is a suit against the government under the FTCA."). When such a claim is brought against an individual government employee or a government agency, as is the case here, the FTCA provides that, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1); see also Mignogna v. Sair Aviation, Inc., 937 F.2d 37, 40 (2d Cir. 1991) (stating that an action under the FTCA must be brought against the United States rather

than an agency thereof); Leka v. U.S., 2008 WL 686797, *1-2 (N.D.N.Y. 2008).

The United States Attorney for the Northern District of New York certified, in accordance with 28 U.S.C. § 2679(d)(1), that Ms. LaBarge was acting within the scope of her employment for the United Postal Service at the time of the accident. Affidavit of the U.S. Attorney at 1 (Dkt. No. 3, Part 3). Additionally, Plaintiff admits this fact. Complaint at 3 (Dkt. No. 1, Attach. 2). Plaintiff's claim is therefore dismissed as against the USPS and Ruth LaBarge, with the United States substituted as Defendant. See, e.g., Furman v. U.S. Postal Service, 349 F. Supp. 2d 553, 556-57 (E.D.N.Y. 2004); Glendora v. Pinkerton Sec. and Detective Servs., 25 F. Supp. 2d 447, 453 (S.D.N.Y. 1998).

**B.      Untimeliness of the Claim Under the FTCA**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983); see also FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the federal government and its agencies from suit."). Consent entails the United States waiving its sovereign immunity through an act of Congress. See, e.g., Mortise v. United States, 102 F.3d 693, 696 (2d Cir. 1996). In choosing to waive its sovereign immunity, the United States is free to impose conditions on that waiver, such as a limitations period. See, e.g., United States. v. Sherwood, 312 U.S. 584, 586-87 (1941) ("[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."). The FTCA expressly waives this immunity. See 28 U.S.C. § 2401(b). As a condition of the government's waiver of immunity, the FTCA provides that: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun

*within six months after the date of mailing, by certified or regular mail, of notice of final denial of the claim by the agency to which it was presented.*" 28 U.S.C. § 2401(b) (emphasis added).

In this case, Plaintiff submitted a SF-95 claim form to the United States Postal Service, Torts Claim Unit on August 31, 2006, well within the two years provided by 28 U.S.C. § 2401. SF-95 Claim Form at 1 (Dkt. No. 3, Attach. 3). On October 25, 2006, the Torts Claim Unit sent, by certified mail, a denial of Plaintiff's claim. Postal Service Claim Denial at 1-2 (Dkt. No. 3, Attach. 3). In addition to denying Plaintiff's claim, this letter advised Plaintiff that, pursuant to 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if Plaintiff was "dissatisfied with the Postal Services's final denial of an administrative claim, [Plaintiff] may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter . . . ." Id.

Since this letter was sent to Plaintiff by certified mail on October 25, 2006, Plaintiff had, in accordance with 28 U.S.C. § 2401(b), until April 25, 2007 to bring an action in a United States District Court. Plaintiff did not commence this action until February 15, 2008, almost ten months after the statute of limitations had run. Additionally, Plaintiff commenced the action in the New York State Supreme Court, Albany County, and not a United States District Court. As noted above, it was not until the United States Attorney filed a Notice of Removal on March 26, 2008 that this action reached this Court. As a result, the commencement of the action was well beyond the limitations period provided by 28 U.S.C. § 2401, and thus untimely.

**III.   Conclusion**

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to dismiss (Dkt. No. 3) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1, Attach. 2) is **DISMISSED in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

DATED: November 04, 2008
       Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge